UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

BRAYON JEROME WILLIAMS,              )
                                     )
            Plaintiff,               )
                                     )
     v.                              )          Case No. 2:26-cv-00011-JSD
                                     )
STATE OF MISSOURI,                   )
                                     )
            Defendant.               )

**MEMORANDUM AND ORDER**

Self-represented Plaintiff Brayon Jerome Williams brings this civil action against

the State of Missouri.[1]  [ECF No. 1 at 1-2].  The matter is now before the Court upon the

motion of Plaintiff for leave to proceed *in forma pauperis*, or without prepayment of the

required filing fees and costs.  [ECF No. 2].  Having reviewed the motion and the

financial information submitted in support, the Court will grant the motion and waive the

filing fee.  *See* 28 U.S.C. § 1915(a)(1).  As Plaintiff is now proceeding *in forma pauperis*,

the Court must review his Complaint under 28 U.S.C. § 1915.  Based on such review, the

Court will dismiss the complaint for frivolity and failure to state a claim upon which

relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B).

**Legal Standard on Initial Review**

---

[1] The caption of Plaintiff's Complaint lists the defendant as "the state of Missouri, et al."  [ECF No. 1 at 1].  Presumably Plaintiff is referring to the phrase "et al." which comes from the Latin phrase meaning "and others."  *See Merriam-Webster Dictionary*, http://merriam-webster.com/dictionary/et al. (last visited June 17, 2026).  However, because Plaintiff has not identified any other defendant, the Court construes Plaintiff's Complaint as being brought only against the State of Missouri.

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a

- 2 -

plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). While federal courts should not dismiss an action commenced *in forma pauperis* if the facts alleged are merely unlikely, the court can properly dismiss such an action as factually frivolous if the facts alleged are found to be "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke,* 490 U.S. at 327). Allegations are "clearly baseless" if they are "fanciful," "fantastic," or "delusional." *Id.* (quoting *Neitzke*, 490 U.S. at 325, 327, 328).

### The Complaint

Plaintiff is a frequent *pro se* and *in forma pauperis* litigator in this Court, having filed over 25 cases in the last few years. Plaintiff brings this civil action against the State of Missouri for alleged violations of his constitutional rights as secured under the Bill of Rights and the Fourteenth Amendment. [ECF No. 1 at 1-3]. Like many of Plaintiff's other cases, the pleadings in this case are largely incomprehensible. For example, Plaintiff's "Statement of Claim" alleges in a single sentence:

> I lost confi[]dence in the Judiciary of the State of Missouri when such a body of the government had not the respect of the executive body that such a body of the government had not the respect of the legislative body where the State of Missouri had not acted through any official, agency, or governments any interest to secure any matters as guaranteed by any law made in compliance of every rule fitting in the matters of such a law which may cause me the ability to behave securely under the justice system as established in America, that I have been deprived life, liberty, and property, where I may not be secure socially due to the guidance and lack of security of the distribution of information distributed as a matter of education and guidance to the democratic party, causing me to have formed a belief system I believe is

proper for my happiness, while suffering due to others belief systems being influenced by imaginative beginnings not satisfied by any form of terms made law complaint to the rule as to be secured by the government as a body of the State of Missouri actually since 1989.

[*Id.* at 5].

For relief, Plaintiff seeks "[e]xpeditious actions" such that he can "inherit[] the respect of America as a leading force into a reformed democracy so that a more perfect republic shall be." [*Id.*]

On the Original Filing Form attached to his Complaint, Plaintiff notes that this action is the same or substantially equivalent to a previously filed Missouri state court action, "ED113647." [ECF No. 1-1]. Plaintiff attached the Notice of Appeal that he filed in that state court case, indicating that the action was brought against the State of Missouri and involves allegations that the State is "failing to conduct the business interest of the government body as afforded to we the people under our rule as Americans." [ECF No. 1-2]. Plaintiff also attached an unsigned "Memorandum For Clerk" which is mostly incomprehensible but appears to be attempting to ask the Clerk to file the submitted pleadings on Plaintiff's behalf. [ECF No. 1-3].

## Discussion

Based on a thorough review and liberal construction of the Complaint, the Court finds that it is frivolous and fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). For these reasons, this case will be dismissed without prejudice.

- 4 -

The Eleventh Amendment[2] bars suit against a State and its agencies.  "Sovereign immunity is the privilege of the sovereign not to be sued without its consent."  *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011).  The Eleventh Amendment has been held to confer immunity on an un-consenting state from lawsuits brought in federal court by a state's own citizens or the citizens of another state.  *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *see also Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018) ("The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court."); *Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 446 (8th Cir. 1995) ("The Eleventh Amendment bars private parties from suing a state in federal court."); *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995) ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." (internal quotation and citation omitted)).  As such, Plaintiff's Complaint fails to state a claim against the State of Missouri.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Even if the State of Missouri was not protected by sovereign immunity, the Court finds that Plaintiff's allegations and requested relief lack any arguable basis in law or in fact and are "clearly baseless."  *Neitzke*, 490 U.S. at 327.  Plaintiff's "Statement of Claim" is nonsensical, lacking any clear logic or intelligible assertions.  Therefore, the Complaint is frivolous and subject to dismissal. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

---

[2] The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend. XI.

For the same reasons, the Court is "thoroughly convinced that there is no substantial question for review and that an appeal will be futile." *Higgins v. Steele*, 195 F.2d 366, 369 (8th Cir. 1952). Accordingly, the Court certifies that an appeal from this order would not be taken in good faith. *See id.*; 28 U.S.C. § 1915(a)(3).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED** and the filing fee is waived. *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the Complaint as to any defendant because the Complaint is legally frivolous and fails to state a claim upon which relief can be granted. Plaintiff's claims against defendant State of Missouri are **DISMISSED without prejudice**. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 24th day of June, 2026.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE

- 6 -