**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| BRAYON JEROME WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:26-cv-00011-JSD |
| | ) | |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This closed matter is now before the Court on two unsigned[1] motions filed by self-represented Plaintiff Brayon Williams. [Docs 8, 9]. Based on a review of the record, on June 24, 2026, the Court dismissed this action for frivolity and failure to state a claim under 28 U.S.C. § 1915(e)(2)(B). [Docs. 3, 4]. Two months later, the Court struck Plaintiff's "Notice of Appeal to Missouri Court of Appeals" as improperly filed in this Court and explained to Plaintiff that a ruling from this federal court cannot be appealed to a state court. [Docs. 5, 6]. Subsequently, Plaintiff filed a "Motion for reconsideration," lacking any cognizable legal arguments for reconsideration of the dismissal of this matter. [Doc. 7]. Plaintiff attached paperwork titled for the Missouri Supreme Court which appears to attempt to transfer this action to that Court. [Doc. 7-1]. He also separately filed a "Notice of Appeal to Supreme Court of Missouri" [Doc. 8] and a document titled "Basis for Jurisdiction" which requests leave to proceed *in forma pauperis* [Doc. 9].

[1] Plaintiff Williams has been warned many times by the Court that he must sign his pleadings, not type his signature, in order to comply with Federal Rule of Civil Procedure 11 and the Local Rules of this Court. *See Williams v. United States*, No. 2:24-cv-00074-MTS, [Docs. 10, 17] (E.D. Mo.); *Williams v. Welby*, No. 2:24-cv-00105-JSD, [Docs. 2, 3, 7] (E.D. Mo.).

Both of Plaintiff's motions will be denied. This is a closed matter. To the extent that Plaintiff seeks to reopen this case, his request is denied. Plaintiff presents no legal grounds on which reopening of this matter would be appropriate.[2] The Court declines to alter or amend the judgment or provide Plaintiff with relief from final judgment. Nothing in Plaintiff's motion persuades the Court that this case was improperly dismissed. Plaintiff is therefore not entitled to reconsideration of the dismissal of his Complaint, and his motion will be denied. Finally, as this case is closed, Plaintiff's second motion to proceed *in forma pauperis* will be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for reconsideration [Doc. 7] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's second motion for leave to proceed *in forma pauperis* [Doc. 9] is **DENIED as moot**.

**IT IS FINALLY ORDERED** that the Clerk shall not accept any additional documents or motions filed by Plaintiff in this closed action, except for a notice of appeal or appellate documents. If Plaintiff files an additional document or motion the Clerk shall return it to Plaintiff.

Dated this 29th day of October, 2026.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE

[2] Although no legal standard for reopening is argued, the Court finds that relief would be denied under both Federal Rule 59(e) (motion to alter or amend the judgment) and Rule 60(b) (relief from judgment for mistake or other reason). Fed. R. Civ. P. 59(e), 60(b).